# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FRANK WILLIAM BONAN II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23CV8 HEA |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2] is now before the Court for consideration. Defendants have filed their response in opposition to the Motion [Doc No. 19]. On January 10, 2023 the parties appeared in person for a hearing. The Court has now thoroughly reviewed the pleadings, exhibits and memoranda of law submitted by the respective parties, and has considered the arguments presented at the hearing. For the reasons set forth below, the Court concludes Defendants' arguments are well-taken, and this matter will be dismissed.

### Facts and Background[1]

On January 3, 2023, Plaintiff Frank William Bonan II brought this action

---

[1] The Court draws the facts in this section from Plaintiff's Complaint, Plaintiff's Memorandum in support of the instant motion, and Defendants' Response.

for declaratory and injunctive relief against Defendants Federal Deposit Insurance Corporation (FDIC); Martin J. Gruenberg, Chairman of the FDIC; Travis Hill, Vice Chairman of the FDIC; Michael J. Hsu, a member of the board of directors of the FDIC; Rohit Chopra, a member of the board of directors of the FDIC; Jonathan McKernon, a member of the board of directors of the FDIC; and Jennifer Whang, a FDIC administrative law judge (ALJ),[2] alleging the action of the FDIC against him, explained in further detail below, violates his Seventh Amendment right to a jury trial. Plaintiff also alleges the structure of the FDIC board of directors and the tenure protections afforded to the FDIC ALJs is unconstitutional. Plaintiff requests a judgment declaring that the FDIC enforcement proceeding violates the Constitution and that the FDIC may not continue the proceeding against him.

<u>FDIC Action Against Plaintiff</u> [3]

In 2016, FDIC began investigating Plaintiff based on allegations that he had engaged in unsafe and unsound banking practices in connection with Grand Rivers Community Bank, a state-chartered bank in Grand Rivers, Illinois. On May 7, 2021, the FDIC commenced an action against Plaintiff and filed a Notice of Charges, alleging Plaintiff engaged in unsafe or unsound practices and breached

---

[2] The allegations against the individual defendants are brought in his/her respective official capacity.

[3] The merits of the FDIC action against Plaintiff are not at issue here and are summarized for background purposes only.

2

his fiduciary duties while at Grand Rivers Community Bank in connection with a 2015 UCC-1 release of collateral transaction and a 2016 loan involving Evergreen Drilling, LLC, and Evergreen Properties of Illinois.

The FDIC seeks an order of prohibition to remove Plaintiff of his ability to participate in the conduct of the affairs of any insured depository institution or organization listed in 12 U.S.C. §1818(e)(7)(A) and to impose a $105,000 civil money penalty, pursuant to 12 U.S.C. §§ 1818(e) and 1818(i)(2).

The FDIC Enforcement Proceeding is set for a hearing before ALJ Whang, beginning on January 17, 2023, in the Eastern District of Missouri.[4]

Federal Deposit Insurance Corporation

The FDIC is an independent agency that has expansive power to enforce a variety of banking laws against regulated parties. 12 U.S.C. §§ 1812(a), 1818. Congress established the FDIC in 1933, in response to an epidemic of bank closures, seeking to restore confidence in the nation's banking system by creating a system of deposit insurance. *Id.* §§ 1811, 1819. Subsequent legislation expanded the FDIC's role in regulating and stabilizing banks. *See, e.g.,* Financial Institutions

---

[4] Pursuant to 12 U.S.C. § 1818(h)(2), the hearing "shall be held in the Federal judicial district or in the territory in which the home office of the depository institution is located, unless the party afforded the hearing consents to another place[.]" Both Plaintiff and Defendants consented to the Eastern District of Missouri. Additionally, Plaintiff lives in the Eastern District of Missouri, making venue proper pursuant to 28 U.S.C. § 1391(b)(2).

Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183. The FDIC serves as, among other things, a regulator for certain state-chartered banks, including Grand Rivers Community Bank in Grand Rivers, Illinois. 12 U.S.C. §§ 1817(a), 1819, 1820(b). In that capacity, the FDIC assesses the financial condition and operations of its regulated banks, conducting examinations and preparing examination reports. *Id.* §§ 1817, 1820(b), (d).

### FDIC Enforcement Actions

Under Section 8 of the Federal Deposit Insurance Act (FDI Act), the FDIC can bring enforcement actions by issuing a Notice of Charges against institutions and affiliated parties that engage in unsafe and unsound practices or that violate banking laws or regulations. *Id.* § 1818. The Notice of Charges sets out the facts that constitute the alleged violation or unsafe or unsound practice. *Id.* § 1818(b)(1). The most severe sanctions the FDIC can impose are a "removal" order, which will operate to remove its subject from the bank-related offices held, and a "prohibition order," which bars its subject from ever working anywhere in the American banking industry. *Id.* § 1818(e). The FDIC can impose civil monetary penalties. *Id.* § 1818(i).

### Judicial Review

The Notice of Charges must also fix a time and place for an administrative hearing. *Id.* § 1818(e)(4). The case is then assigned to an ALJ, who conducts the

4

proceedings in accordance with the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, and the FDIC's Rules of Practice and Procedure, 12 C.F.R. Part 308.

The ALJ has a broad range of powers, including the abilities to issue subpoenas, rule on the admissibility of evidence, and decide critical substantive motions. *Id.* § 308.5. Within 45 days after the expiration of time allowed for the filing of post-hearing submissions, the ALJ must issue a recommended decision and file the complete administrative record of the proceeding, including recommended findings of fact, recommended conclusions of law, and a proposed order with the FDIC's Administrative Officer. *Id.* § 308.38. The parties may file "exceptions" to the ALJ's recommended decision within 30 days of its issuance. *Id.* § 308.39. As soon as the exceptions are on file, the FDIC's Administrative Officer may determine that the record is complete and notify the parties that the proceeding has been submitted to the FDIC's Board for Final Decision. *Id.* § 308.40(a). After the deadline passes for filing exceptions and the record is complete, the case is transmitted to the FDIC Board for a final decision within 90 days. *Id.* § 308.40.

Once the Board issues its final decision, Plaintiff may, within 30 days, appeal the Board's final decision either to the D.C. Circuit or the circuit where the bank's home office is located, here the Seventh Circuit. 12 U.S.C. § 1818(h)(2).

5

The Court of Appeals reviews the Board's final decision under the APA. *Id.* § 1818(h)(2); *See also*, *Michael v. FDIC,* 687 F.3d 337, 348 (7th Cir. 2012).

<u>The Instant Motion</u>

In addition to filing this lawsuit, Plaintiff moved for a temporary restraining order and preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, seeking a stay of or injunction against the FDIC's Enforcement Proceeding against him until the disposition of the claims alleged in his Complaint.

At the hearing, the parties argued in support of their respective positions. Defendants confirmed they planned to move forward with administrative hearing set for January 17, 2023, unless the Court grants the instant motion.

**Legal Standard**

The standard for issuance of the "extraordinary and drastic remedy" of a temporary restraining order or a preliminary injunction is very high, *see Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), and by now very well established. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), quoting *Munaf v. Green*, 553 U.S. 674, 689-90 (2008). "Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant, (2) the state of the balance between this harm and the injury that granting the

6

injunction will inflict on other parties litigant, (3) the probability that movant will succeed on the merits, and (4) the public interest." *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). The same factors govern a request for a temporary restraining order. *Roberts v. Davis*, 2011 WL 6217937, at *1 (E.D. Mo. Dec. 14, 2011). None of the four factors "is determinative," and each must be examined "in the context of the relative injuries to the parties and the public." *Dataphase*, 640 F.2d at 113. "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id*.

## Discussion

Subject Matter Jurisdiction

The Court must first address Defendants' challenge that the Court lacks subject matter jurisdiction over this matter. Defendants assert two arguments. First, they argue that Section 1818(i)(1) explicitly divests this Court of subject-matter jurisdiction to enjoin or otherwise affect the ongoing FDIC enforcement action against Plaintiff. Second, the applicable provisions of the APA further confirm that the Court lacks subject-matter jurisdiction because Plaintiff identifies no final agency action subject to judicial review.

7

Plaintiff contends that the Court has jurisdiction because Section 1818(i)(1) does not divest this Court of jurisdiction to hear structural constitutional claims that are exogenous to the enforcement proceeding.

The Court will first analyze whether Section 1818(i)(1) explicitly precludes district court jurisdiction over the present matter.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const., Art. III, § 2. Congress has granted district courts subject matter jurisdiction over diversity cases—suits between citizens of different States as to any matter valued at more than $75,000, and federal-question cases—suits "arising under" federal law. 28 U. S. C. §§ 1331, 1332(a). Typically, an action arises under federal law if that law "creates the cause of action asserted." *Gunn v. Minton*, 568 U. S. 251, 257 (2013). "So when federal law authorizes the action, the party bringing it—once again, typically—gets to go to federal court." *Badgerow v. Walters*, 142 S.Ct. 1310, 1316 (2022). But that is not necessarily true with FDIC enforcement actions.

The Financial Institutions Supervisory Act of 1966 ("FISA"), Pub. L. No. 89-695, 80 Stat. 1028, 12 U.S.C. § 1818, established a "tripartite regime of judicial review" for FDIC enforcement actions. *See Board of Governors v. MCorp Fin. Inc.,* 502 U.S. 32, 38 (1991) (discussing 12 U.S.C. § 1818). "FISA's preclusion

8

provision appears to speak directly to the jurisdictional question at issue in this litigation:

> '[E]xcept as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order.'"

*MCorp Fin. Inc.,* 502 U.S. at 39.

Congress granted district courts jurisdictional authority to review or affect FDIC enforcement actions in only three circumstances. First, the statute permits the FDIC and other federal banking agencies to petition district courts for "the enforcement of any effective and outstanding notice or order issued [to an insured bank]" pursuant to Section 8 proceedings. 12 U.S.C. § 1818(i)(1). Second, district courts have jurisdiction to review challenges by bank directors and institution-affiliated parties to the FDIC's temporary suspension of deposit insurance, an agency's issuance of an emergency temporary cease and desist order, or a temporary suspension of an institution-affiliated party while a proceeding is pending. *Id.* § 1818(a)(8)(D), (c)(2), (f). Third, United States courts of appeals are vested with exclusive jurisdiction to review final agency orders issued in Section 8 proceedings. *Id.* § 1818(h)(2). Section 1818(h)(2) states, in pertinent part:

> "Any party to any proceeding under paragraph (1) may obtain a review of any order served pursuant to paragraph (1) of this subsection (other than an order issued with the consent of the depository institution or the institution-affiliated party concerned, or an order issued under paragraph (1) of subsection (g) of this section) by the filing in the court of appeals of the

9

> United States for the circuit in which the home office of the depository institution is located, or in the United States Court of Appeals for the District of Columbia Circuit, within thirty days after the date of service of such order, a written petition praying that the order of the agency be modified, terminated, or set aside."

*Id.* § 1818(h)(2).

Section 1818(h)(1) explicitly states, "Judicial review of any such order shall be *exclusively* as provided in this subsection (h)." *Id.* § 1818(h)(2) (emphasis added). Outside these specifically delineated circumstances, federal courts lack subject-matter jurisdiction to review FDIC enforcement proceeding.

In support of his position, Plaintiff relies heavily on *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022) and *Burgess v. FDIC et al.*, No. 7:22-cv-00100-O, 2022 WL 17173893 (N.D. Tex. Nov. 6, 2022),[5] both non-binding on this Court. *Jarkesy* is a recent Fifth Circuit case that found the Seventh Amendment right to a jury trial extended to securities fraud claims brought in Securities and Exchange Commission (SEC) administrative proceedings. *Jarkesy*, 34 F.4th at 446. In *Burgess*, the Court held that the analysis of the FDIC's claims against Plaintiff "should mirror that [of the SEC's claims] in *Jarkesy*." *Burgess*, 2022 WL 17173893, at *10. To reach its conclusion, the *Burgess Court* explained that 1818(i) bars the Court from hearing claims regarding constitutional violations that occurred as part of, or within, the FDIC Enforcement Proceeding, but that there is

---

[5] Appeal pending in the Fifth Circuit. *Burgess v. Whang,* December 5, 2022.

no explicit preclusion over structural constitutional claims of the type presented by Plaintiff. This Court disagrees.

"In FISA[,] Congress has spoken clearly and directly: '*[N]o court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any [Board] notice or order under this section.*'" *MCorp Fin. Inc.,* 502 U.S. at 44, quoting 12 U.S.C. § 1818(i)(1) (1988 ed., Supp. II) (emphasis added). 12 U.S.C. § 1818(i)(1) explicitly divests this Court of jurisdiction to grant the injunctive and declaratory relief sought. "FISA, in §1818(h)(2), expressly provides [Plaintiff] with a meaningful and adequate opportunity for review of the regulation's validity and application if and when the Board finds that [he] has violated the regulation and, in § 1818(i)(1), clearly and directly demonstrates a congressional intent to preclude review." *MCorp Fin. Inc.,* 502 U.S. at 33.  FDIC Enforcement proceeding respondents, like Plaintiff, who wish to raise constitutional challenges must raise them with the Court of Appeals, either to the D.C. Circuit or to the circuit where the bank's home office is located, at the conclusion of the proceeding. *See* 12 U.S.C. § 1818(h)(2). Because the Court is without subject matter jurisdiction in this matter, inquiry ends here.

## Conclusion

For the reasons stated above, the Court lacks subject matter jurisdiction, and this case must be dismissed.

11

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this action is **DISMISSED.**

A separate Order of Dismissal in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 11th day of January, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE